UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLORIA ESTHER SEPULVEDA,

    Plaintiff,

v.                                      CASE No. 8:09-CV-1538-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* Because the plaintiff has failed to show that the decision of the Commissioner of Social Security is not supported by substantial evidence or contains any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-two years old at the time of the administrative hearing and who has a tenth grade education, has worked

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

primarily as a chair builder and receiving clerk (Tr. 117, 323). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to diabetes, lower back pain, and blood clots in both legs (Tr. 112). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had medically determinable impairments of diabetes, hypertension, chronic venous insufficiency, history of cellulitis, history of bilateral shoulder tendonitis, obesity, depression, and post traumatic stress disorder (Tr. 21). He found, however, that the plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore the [plaintiff] does not have a severe impairment or combination of impairments" (id.). Accordingly, she was found not disabled at the second step of the Commissioner's five-step sequential analysis. See 20 C.F.R 404.1520(a)(4), 416.920(a)(4). The

Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds: (1) The law judge's finding that the plaintiff's impairments were not severe is not supported by substantial evidence; and (2) the law judge erred by rejecting a treating physician's opinion of "unable to work" or, alternatively, by not recontacting him (Doc. 17, pp. 9, 17). These contentions are closely related because, if the law judge was authorized to reject the treating physician's opinion, there was scant evidence of a severe impairment. On the other hand, if the treating physician's opinions were accepted, the plaintiff would certainly have a severe impairment, and would probably be entitled to an award of benefits.

Beginning with the contention that the law judge erred in finding that the plaintiff had only nonsevere impairments, the regulations define a nonsevere impairment as one that "does not significantly limit [the

claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a), 416.921(a). The plaintiff points out that the court of appeals has stated that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). Notably, the law judge acknowledged this principle in his decision (Tr. 19). Regardless of the alternate formulation, the standard set out in the regulation, and the one the law judge expressly applied, is that a nonsevere impairment does not significantly limit a claimant's ability to do work activities (Tr. 21, 24). The law judge did not commit an erroneous application of the law by applying this standard. See Dixon v. Barnhart, 151 Fed. Appx. 810, 812 (11th Cir. 2005)(unpub. dec.) (the claimant "did not have a severe impairment because he was not significantly limited by a physical or mental impairment").

In determining that the plaintiff did not have a significant limitation, the law judge discussed the medical evidence in detail, including

evidence from before the alleged disability onset date of January 9, 2006 (Tr. 21-24). The law judge, as indicated, recognized that the plaintiff had a number of impairments (Tr. 21). The plaintiff does not complain that the law judge overlooked any impairment.

Importantly, simply being diagnosed with an impairment does not establish that a person is disabled. Thus, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005)(unpub. dec.)(quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)). Consequently, it is the functional limitations from an impairment, not just the diagnosis of an impairment, that is determinative of disability.

The plaintiff's argument on this issue regarding the plaintiff's physical condition includes only scattered references to abnormal medical findings (Doc. 17, pp. 11-12). Those references do not seem even to be sufficient to support a finding of a severe impairment, and they clearly do not

rise to the required showing that they compel a finding of a severe impairment. Adefemi v Ashcroft, supra. Thus, they do not compel a finding that the plaintiff has a significant functional physical limitation.

The plaintiff's argument appears to focus on medical opinions. The opinions upon which the plaintiff relies, however, were expressly, and reasonably, discounted by the law judge.

The plaintiff asserts that a finding of severe physical impairments is supported by the findings of two nonexamining, reviewing physicians (Doc. 17, p. 11). That is not accurate.

One reviewer, Dr. Violet A. Stone, opined that the plaintiff had impairments that rendered her limited to light work (Tr. 219-26). The law judge discounted this opinion, which was rendered in July 2006, just seven months after the plaintiff's alleged onset of disability, because "a substantial amount of medical evidence was submitted subsequent to the assessment[]" (Tr. 24). The law judge explained further that, pursuant to an informal remand in August 2008, the entire medical file was reviewed further by Dr. Lawrence P. Johnson, who opined that the plaintiff did not have a severe

physical impairment (Tr. 135-42). The law judge gave greater weight to Dr. Johnson's opinion than to Dr. Stone's (see Tr. 24). Moreover, it was reasonable for him to do so.

On this point, the plaintiff also refers to the opinion of March 2006 of Karen J. Cammack (Tr. 230-37). Contrary to the plaintiff's belief, Cammack is not a doctor, but is what is titled by the Social Security Administration as a "single-decision maker" (Tr. 237). The law judge obviously can prefer Dr. Johnson's opinion over Cammack's.

The plaintiff, further, seeks support from the opinion of Dr. Edwin Lamm, who conducted a consultative examination of the plaintiff in March 2006. For the most part, Dr. Lamm's report does not support the plaintiff's claim (Tr. 238-40). The plaintiff asserts that Dr. Lamm said that the plaintiff "should avoid prolonged standing because of her varicosities" (Doc. 17, p. 11). This is not an accurate statement of Dr. Lamm's comment. He said "[p]erhaps prolonged standing would be something she should avoid because of her varicosities" (Tr. 240). Or perhaps she should wear elastic support hose when working, something she refuses to do (id.). The law judge

expressly acknowledged Dr. Lamm's comment that perhaps prolonged standing should be avoided (Tr. 22). However, that comment did not constitute an opinion setting forth a functional limitation, and the law judge could appropriately disregard it. Since a law judge is not required to refer to every piece of evidence in his decision, Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005), he clearly is not required to explain his treatment of every piece of evidence.

The plaintiff may also be contending that, due to diabetes, she had vision problems, since she refers to Dr. Lamm's assessment of a "[h]istory of diabetes mellitus with 'double vision'" (Tr. 240). What Dr. Lamm was reporting was the plaintiff's complaint of double vision. His visual examination found that the plaintiff had 20/20 vision (Tr. 239). He commented: "Despite the complaint of visual difficulties, a vision test with her eyeglasses was near normal and her funduscopic examination appeared normal" (Tr. 240). Notably, Dr. Johnson in August 2008, after examining the entire file, concluded that there was no visual limitation (Tr. 138).

With respect to her mental condition, the plaintiff asserts that Global Assessment of Functioning scores from a mental health counselor at Peace River Center demonstrates a severe mental impairment. The law judge was authorized by the regulations to discount those opinions since they were not provided by an "acceptable medical source." 20 C.F.R. 404.1513(a), 416.913(a). The law judge explained also that he "accords no significant weight to these opinions as they are not supported by evidence of record as a whole, which includes consistent normal mental status findings by Dr. [Dario] Cardona and normal mental status findings by Dr. Lamm. In addition, the assessments were not confirmed by a treating or examining psychiatrist or psychologist" (Tr. 24).

Moreover, the law judge pointed out that a psychologist, Dr. David R. Houston, in August 2008 had reviewed the entire medical record and had concluded that the plaintiff did not have a severe mental impairment (id.; see Tr. 143, 155). The law judge could plainly accord preference to the opinion of the psychologist over the opinion of the mental health counselor.

The evidence, therefore, does not compel a conclusion that the plaintiff had a severe physical or mental impairment. Accordingly, the plaintiff's first contention fails.

The plaintiff's second contention is that the law judge erroneously rejected the opinion of Dr. Cardona, a treating physician. Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

On the day of the hearing, the plaintiff handed the law judge a one-page form apparently signed by Dr. Cardona, stating that the plaintiff had diagnoses of "diabetic, [sic] hypercholesterol, diabetic neuropathy, diffuse bulging disc" and that the plaintiff was "unable to work" (Tr. 134). The doctor indicated that the conditions were permanent and that they did not

permit participation in other activities (id.). The form asked, "What physical or mental limitations need to be taken into consideration when participating in activities" and the doctor simply wrote, "N/A" (Tr. 134). Thus, he did not provide any specific functional limitations to explain his opinion of total disability.

Under these circumstances, there were valid grounds for the law judge to discount Dr. Cardona's opinion. In the first place, as the Commissioner notes (Doc. 18, p. 18), the opinion that the plaintiff was "unable to work" is on the ultimate issue, and that issue is reserved to the Commissioner under the regulations. 20 C.F.R. 404.1527(e), 416.927(e). Further, it is completely conclusory since it did not even identify a single functional limitation, much less provide a meaningful explanation for the conclusion. This, alone, is a sufficient basis for discounting the opinion. Lewis v. Callahan, supra.

Moreover, the law judge, after discussing the medical evidence from Dr. Cardona (Tr. 22, 23), explained why he was giving no significant weight to Dr. Cardona's opinion. Thus, he stated (Tr. 23):

> The opinion is not supported by the medical evidence of record and not supported by the physician's own treatment notes that consistently showed normal physical examinations and normal mental status findings, as outlined above. The physician did not indicate in any documented medical report that the claimant had any limitation of her ability to lift, walk, stand, sit, bend, see, understand or remember, respond to other people, use judgment, adapt to change, or perform any other work-related activity.

These reasons provide good cause for discounting Dr. Cardona's opinion.

The plaintiff asserts, further, that, before the law judge rejected Dr. Cardona's opinion, he should have recontacted him (Doc. 17, p. 15). This assertion is meritless.

This was not a situation where there was some ambiguity in the doctor's opinion. The law judge clearly understood Dr. Cardona's opinion; he just did not accept it in light of Dr. Cardona's own treatment notes, which were before the law judge. Moreover, since the law judge had Dr. Cardona's records, this was not a circumstance where there was a need to recontact Dr. Cardona in order to fill a gap in the record. See Couch v. Astrue, 2008 WL 540178 at *2 (11th Cir. 2008)(unpub. dec.).

Finally, it is noted that the plaintiff waived counsel at the administrative hearing (Tr. 33, 319-20). The plaintiff, who is now represented by counsel, has not challenged the validity of that waiver. In light of the scheduling Order (Doc. 16, p. 2), any such contention is deemed abandoned.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 13th day of May, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE